Laurie Spindler Huffman, Esq.
Linebarger Goggan Blair & Sampson, LLP
2323 Bryan Street, Suite 1600
Dallas, Texas 75201
(214) 880-0089 Telephone
(469) 221-5002 Facsimile

Attorneys for Dallas County,
Tarrant County and Irving ISD

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** § | | **Chapter 11** |
| § | | |
| **ANGARAKA LIMITED PARTNERSHIP,** § | | **Case No. 10-33868-SGJ** |
| § | | |
| **Debtor.** § | | |

### TAX AUTHORITIES' OBJECTION TO CONFIRMATION OF CHAPTER 11 PLAN OF REORGANIZATION FILED BY DEBTOR, ANGARAKA LIMITED PARTNERSHIP DATED SEPTEMBER 28, 2010

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE**:

Come now Dallas County, Tarrant County and Irving ISD (collectively, the "Tax Authorities") and file this, their objection to confirmation of the Chapter 11 Plan of Reorganization filed by Debtor, Angaraka Limited Partnership Dated September 28, 2010 (the "Plan") and would respectfully show the Court the following:

1. The Tax Authorities, duly organized governmental units of the State of Texas, are the holders of claims for pre-petition ad valorem real property ad valorem taxes for tax year 2010 assessed against property of the Debtor located within their jurisdictions in the aggregate amount of $515,752.48. The Tax Authorities are also the holders of administrative expense claims for

year 2011 ad valorem real property taxes in the aggregate estimated amount of $527,939.23[1]. The Tax Authorities' prepetition claims and their administrative expense claims are secured by unavoidable, first priority, perfected liens on all of the Debtor's property pursuant to Texas Tax Code Section 32.01 and 32.05. *In re Winn's Stores, Inc.*, 177 B.R. 253 (Bankr. W. D. Tex. 1995); *Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.*, 894 S.W.2d 841 (Tex. App. – Eastland 1995). These liens attach on January 1 of each year to all property of the property owner. 11 U.S.C. Section 362(b)(18); *In re Universal Seismic Associates, Inc.*, 288 F.3d 205 (5th Cir. 2002); *City of Dallas v. Cornerstone Bank, N.A.*, 879 S.W.2d 264 (Tex. App.-Dallas 1994).

2.  The Tax Authorities object to the portion of the definition of "Allowed Claim" in Article 1 Section 1.1 (2) of the Plan which provides:

> Except as otherwise provided in the Plan or a Bankruptcy Court order, the amount of an Allowed Claim (including a Disputed Claim that subsequently becomes an Allowed Claim) shall not include (a) any interest, penalty or late charge arising or accruing after the Commencement Date, or (b) any award or reimbursement of attorneys' fees or related expenses or disbursements.

(*See* Plan Art. 1 Sec. 1.1(2) at 3.) This definition violates 11 U.S.C. Sections 506(b) and 1129 with respect to the claims of the Tax Authorities. As oversecured creditors, the Tax Authorities are entitled to postpetition interest on their claims from the Petition Date[2] through the Effective Date of the Plan at the state statutory rate of 1% per month pursuant to 11 U.S.C. Sections 506(b) and 511. This definition also violates 11 U.S.C. Sections 511 and 1129 which requires the

---

[1] The amount owed for tax year 2011 is an estimated amount that is calculated using the base amount of taxes owed for year 2010. The actual amount owed will be determined in October 2011 pursuant to Texas law.

[2] All capitalized terms that are not defined herein shall have the same meaning as ascribed to them in the Plan.

Debtor to pay the Tax Authorities post Effective Date interest at the state statutory rate of 12% per annum until their claims are paid in full. Assuming that the Debtor intends this portion of the definition of "Allowed" to apply to the Tax Authorities administrative expense claims as well as their prepetition claims, this provision deprives the Tax Authorities of post-petition penalties and interest in the event the Debtor does not timely pay year 2011 ad valorem property taxes. Postpetition taxes accrue interest and penalties at the statutory rate until paid in full. *U.S. v. Noland*, 517 U.S. 535 (1996). Absent a modification that corrects this provision, the Plan should not be confirmed.

3. The Tax Authorities are unable to determine whether the Debtor proposes to pay their claims through treatment of Priority Tax Claims in Article 2 Section 2.1(c) or through the treatment in Article 2 Section 2.2(b) of the Plan. Therefore the Tax Authorities object to the proposed treatment of their claims in either section.

The Tax Authorities object to the treatment of their claims as set forth in Article 2 Section 2.1(c) for several reasons. First, section 2.1 (c)(i)does not provide a determinable date for when payments to the Tax Authorities will commence. This leaves the Tax Authorities unable to determine when they should expect the first plan payment or if the Debtor is in default under the Plan. Second, Section 2.1(c)(i) provides for payments over a period of five years from the Effective Date. This violates the requirements of 11 U.S.C. Section 1129 which provides that the Tax Authorities claims must be paid in full no later than the fifth anniversary of the Petition Date. Third, the Tax Authorities object to the proposed treatment of their claims in this section because none of the payment options available to the Debtor provide that the Tax Authorities retain the liens securing their claims until they are paid in full. The Plan provides for vesting of the Debtor's assets in the Reorganized Debtor free and clear of liens unless otherwise

provided in the Plan. The Tax Authorities object to the avoidance of their liens without an adversary proceeding. Fourth, the Tax Authorities object to confirmation of the Plan because the provisions in section 2.1(c)(i) and (c)(ii) do not provide for the payment of interest on the Tax Authorities' claims pursuant to 11 U.S.C. Section 506(b). As oversecured creditors, the Tax Authorities are entitled to postpetition interest on their claims from the Petition Date through the Effective Date of the Plan at the state statutory rate of 1% per month pursuant to 11 U.S.C. Sections 506(b) and 511. Finally, the Tax Authorities object to the proposed treatment of their claims in this section of the Plan because it does not provide for the payment post Effective Date interest at the state statutory rate of 12% per annum until their claims are paid in full to which the Tax Authorities are entitled pursuant to 11 U.S.C. Sections 511 and 1129. Absent modifications to the Plan to correct the foregoing, the Plan should not be confirmed.

The Tax Authorities object to the proposed treatment of secured claims set forth in Article 2 Section 2.2(b). The Tax Authorities object to the proposed treatment of claims in this section because it does not provide that the Tax Authorities retain the liens securing their claims until they are paid in full. The Tax Authorities do not consent to the avoidance of their liens with the benefit of an adversary proceeding.

4. The Tax Authorities object to confirmation of the Plan because Article 2 Section 2.2(a) provides that the Debtor shall have the ability to liquidate one or more of its properties and shall be required to remit a minimum of 70% of the net sale proceeds to the Lender. Nothing in the Plan defines "net proceeds" or provides for payment of ad valorem property taxes owed on the property sold  The sale of any of the Debtor's Properties must result in payment of all ad valorem real property taxes owed for tax year 2010 with interest from the petition date through the date of payment at the state statutory rate of 1% per month pursuant to 11 U.S.C. Sections

506(b), 511 and 1129 along with the retention of liens securing any ad valorem property taxes that are not paid at the sale closing.

5. The Tax Authorities object to confirmation of the Plan because Article 4 Section 4.2(c)(i) provides that property of the Debtor's Estate shall vest in the Reorganized Debtor free and clear of all liens except for security interests set forth in the Plan. (*See* Plan Art. 4 Sec. 4.2(c)(i) at 15.). This violates the confirmation requirements of 11 U.S.C. Section 1129. The Tax Authorities object to the avoidance of their liens without an adversary proceeding.

6. The Tax Authorities object to any attempt to apply Article 6 Section 6.1(d) to them. The Tax Authorities' claims are statutory and are not evidence by a note, certificate or other document. The Tax Authorities should not be required to surrender a nonexistent document or be forced to execute and furnish a bond in the form and amount that is satisfactory to the Disbursing Agent before the first anniversary of the Effective Date in order to retain all rights and participate in any distribution under the Plan. The Debtor has placed the Tax Authorities in the position of an involuntary lender. They should not be required to provide a bond to the Debtor who owes them money. The Tax Authorities object to being stripped of all rights if they do not comply with this provision of the Plan. The Plan should be not be confirmed as long as it contains this provision.

7. The Tax Authorities object to Article 6 Section 6.1 (j) that provides that all distributions that are unclaimed for one year shall be deemed unclaimed property, revested in the Reorganized Debtor and any entitlement to the distributions shall be extinguished forever. The Tax Authorities object to what amounts to a disallowance of their claims and the avoidance of their liens without a contested matter and an adversary proceeding. A plan does not constitute a contested matter or an adversary proceeding.

8. The Tax Authorities object to Article 6 Section 6.1(k) which provides that requests for reissuance of voided checks shall be made on or before 270 days after the issuance of the check or all claims with regard to such checks shall be discharged and forever barred. The Tax Authorities object to what amounts to a disallowance of their claims and the avoidance of their liens without a contested matter and an adversary proceeding. A plan does not constitute a contested matter or an adversary proceeding.

9. The Tax Authorities object to Article 6 Section 6.2(b) which provides that: (i) the Disbursing Agent shall not be required to make any distribution on any Quarterly Distribution Date if it determines in its sole and absolute discretion that such distribution would not be cost efficient, and (ii) any distribution that has not been made shall be retained for distribution on the next Quarterly Distribution Date for which distribution is cost efficient or such time as all claims have been allowed or disallowed. This section provides the Disbursing Agent with the unfettered ability to delay pr withhold payments to a creditor or all creditors indefinitely. The section makes it difficult for the Tax Authorities and other creditors to determine if the Reorganized Debtor is in default under the Plan or whether it is viable. Nothing in this section provides for the accrual of interest on unpaid distributions. Nothing in the section or the Plan provides any definition of "cost efficient" or a means for making such a determination. If it is not cost efficient to make a quarterly distribution then the Reorganized Debtor is clearly not able to comply with the Plan. The Plan should not be confirmed as long as it contains this provision.

10. The Tax Authorities object to confirmation of the Plan because there is no provision concerning their rights in the event of a default under the Plan. The language concerning default that is acceptable to the Tax Authorities is as follows:

> In the event of a default under the Plan, the Tax Authorities shall send notice of default to counsel for the Debtors/Reorganized Debtors via facsimile or electronic mail. The Debtors/Reorganized Debtors shall have 20 days from the date of such notice to cure said default. In the event of failure to cure the default timely, the Tax Authorities shall be entitled to pursue collection of all amounts owed pursuant to applicable nonbankruptcy law without further recourse to the Bankruptcy Court. The Tax Authorities shall only be required to send two notices of default; upon a third event of default, the Tax Authorities may proceed to collect all amounts owed pursuant to applicable nonbankruptcy law without further notice. Failure to pay any post-petition ad valorem taxes prior to their becoming delinquent under Texas law shall constitute an event of default under the Plan.

The foregoing language is a clear statement of the Tax Authorities' rights in the event of a default under the Plan and enables the Tax Authorities to enforce their rights under the Plan and Texas law.

WHEREFORE, PREMISES CONSIDERED, the Tax Authorities request that the Court enter an order denying confirmation of the Plan and granting them such other and further relief to which they may be justly entitled.

Dated: January 19, 2011.

Respectfully submitted,

Linebarger Goggan Blair & Sampson, LLP
2323 Bryan St., Suite 1600
Dallas, TX 75201
Ph. No. (214) 880-0089
Fax No. (469) 221-5002
laurie.huffman@publicans.com

By: /s/Laurie Spindler Huffman_____
Laurie Spindler Huffman (SBN 24028720)

ATTORNEYS FOR DALLAS COUNTY,
TARRANT COUNTY AND IRVING ISD

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served electronically through the Court's electronic case filing system or via facsimile upon J. Seth Moore, DLA Piper LLP, 1717 Main St.,Ste 4600, Dallas, TX 75201, Facsimile: (972) 813-6267, Email: seth.moore@dlapiper.com and Office of the U.S. Trustee, Nancy Resnick 1100 Commerce St., Rm 976, Dallas, TX 75242, Facsimile: (214) 767-8971, Email: Nancy.S.Resnick@usdoj.gov on this 19th day of January 2011.

/s/ Laurie Spindler Huffman
Laurie Spindler Huffman