

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

_____
**United States Bankruptcy Judge**

**Signed April 22, 2011**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 10-33868-11 |
| ANGARAKA LIMITED PARTNERSHIP | § | |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

**ORDER CONDITIONALLY GRANTING C-III ASSET MANAGEMENT'S
EMERGENCY MOTION TO CONFIRM TERMINATION OF AUTOMATIC STAY**

C-III Asset Management LLC ("C-III Asset Management") filed its Emergency Motion to Confirm Termination of Automatic Stay (the "Motion") against Angaraka Limited Partnership ("Debtor") on April 15, 2011. After reviewing the pleadings submitted by the parties and considering the arguments made by counsel at the April 20, 2011 hearing on the Motion, the Court finds that the Motion should be **CONDITIONALLY GRANTED** for the reasons stated on the record. The findings of fact of fact and conclusions of law announced on the record are incorporated into this Order by reference. It is therefore:

**ORDERED** that the Motion is **CONDITIONALLY GRANTED** as follows:

1) On or before 5:00 p.m. Central Standard Time, April 21, 2011 (the "Deadline"), Debtor shall:

    a. Cure its December payment default by wiring $34,203.00 to Kelly Hart & Hallman LLP's ("KHH") IOLTA account so that it is actually received by the Deadline;

    b. Wire its net cash flow for March to KHH's IOLTA account so that it is actually received by the Deadline; and

    c. Cure its reporting obligation defaults by delivering Lender Reports for December 2010, January 2011, and March 2011; and budgets for January 2011 through April 2011 to KHH so that they are actually received by the Deadline.

2) If the Debtor fails to satisfy these requirements by the Deadline, the Order shall become final and C-III Asset Management may immediately exercise all of its legal, contractual and equitable rights in and to its Collateral, and to apply proceeds from disposition of the Collateral to the indebtedness owed by Debtor to C-III Asset Management.  As a courtesy to the Court and other parties in interest, C-III Asset Management shall file notice that the stay has terminated due to Debtor's failure to satisfy the required conditions by the Deadline.

3) If the Debtor satisfies the requirements in paragraph 1 by the Deadline, the Debtor's defaults under the prior cash collateral order will be deemed substantially cured and the stay will remain in place.

4) To the extent that the 14 day stay of FED R. BANKR. P. 4001(a)(3) is applicable, it is hereby waived and this Order shall be effective upon entry.

**# # # END OF ORDER # # #**